# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **NASHAE HADDER**, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**KENTUCKY HOSPITALITY VENTURE, LLC D/B/A SPEARMINT RHINO GENTLEMAN'S CLUB,**<br><br>Defendant. | CASE NO. |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Nashae Hadder (hereinafter "Plaintiff" or "Hadder"), on behalf of herself and all others similarly situated, by and through the undersigned counsel hereby brings this class and collective action against Kentucky Hospitality Venture, LLC d/b/a Spearmint Rhino Gentlemen's Club ("Spearmint Rhino or "Defendant"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b).

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers

1

and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08, 65 S.Ct. 895, 902 (1945).

4. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

5. Defendant owns and operates an adult entertainment club called Spearmint Rhino in Fayette County, Kentucky. Defendant failed to pay the named Plaintiff and all others similarly situated the minimum wage and overtime for hours worked.

6. Defendant miscategorized entertainers/dancers who work at the club as independent contractors and required them to pay to come to work.

7. The entertainers/dancers receive no wage payments from Defendants, but instead only receive gratuities from customers.

8. Entertainers/dancers are also required to share tips with others, including employees who do not regularly or customarily receive tips.

9. In addition, Defendant required their entertainers/dancers to share their tips even though Defendant did not provide their entertainers/dancers with notice of the tip credit provisions.

10. As a result, Defendant failed to pay Plaintiff and all others similarly situated minimum wage they were entitled to under the Fair Labor Standards Act, 29 U.S.C. § 206 and K.R.S. § 337.275, because Plaintiff and all other similarly situated employees do not satisfy the requirements of any applicable exemption under the FLSA or state law.

11. Defendant also failed to pay Plaintiff and all others similarly situated overtime compensation they were entitled to under the Fair Labor Standards Act, 29 U.S.C. § 207 and K.R.S. § 337.285 because Plaintiff and all other similarly situated employees do not satisfy the requirements of any applicable exemption under the FLSA or state law.

12. There are numerous similarly situated current and former employees of Defendant who were compensated improperly in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice and the opportunity to join in the present lawsuit. Upon information and belief, there are more than 50 potential Plaintiffs. More precise information on class size will be obtained during discovery.

13. Former and current similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those current and former employees of Defendant that worked at any club similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

15. The named Plaintiff also should be permitted to bring this as a class action for and on behalf of herself and those current and former employees of Defendant that worked at the Lexington, Kentucky location club who are similarly situated, pursuant to Federal Rule of Civil Procedure 23.

16. As a result of Defendant's violation of the FLSA and state law, Plaintiff and all others similarly situated seek minimum and overtime wages, restitution of all fees, fines and other payments Plaintiff was required to pay to Defendant to work, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 and KRS 337.385(1) for the period commencing five (5) years prior to the filing of this Complaint.

## JURISDICTION AND VENUE

17. The Court has subject matter jurisdiction over this complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

18. This Court has jurisdiction over the Kentucky minimum wage and overtime claims pursuant to 28 U.S.C. § 1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Kentucky claims.

19. Plaintiff worked for Defendant in Fayette County, Kentucky.

20. Defendant conducts business in Fayette County, Kentucky, at 5539 Athens Boonesboro Road, Lexington, Kentucky 40509.

21. Venue is proper in the Eastern District of Kentucky, Central Division pursuant to Local Rule 3.1.

## PARTIES

22. Plaintiff is, and at all times relevant to this action was, an individual resident of Fayette County, Kentucky. Plaintiff's written consent is attached hereto as Exhibit A.

23. The FLSA collective members are all of Defendant's current and former dancers/entertainers who worked at Spearmint Rhino in Lexington, Kentucky at any time during the three years prior to the filing of this Complaint, up to the present.

24. The Kentucky Class Members are all of Defendant's current and former dancers/entertainers who worked at Spearmint Rhino in Lexington, Kentucky at any time during the five years prior to the filing of this Complaint, up to the present.

25. Defendant is a limited liability company doing business in Fayette County, Kentucky for the purpose of accumulating monetary profit.

26. This Court has personal jurisdiction over this Defendant because, at all times relevant to this complaint (2018 to 2023), Defendant owned and operated Spearmint Rhino, a strip club located in Fayette County, Kentucky that engages in the business of entertaining its patrons with nude and/or semi-nude dancing and alcohol.

27. Upon information and belief, Defendant can be served by delivering a copy of the summons and complaint to its registered agent, Cogency Global Inc., 828 Lane Allen Road, Suite 219, Lexington, KY 40504.

28. Plaintiff was employed as an entertainer/dancer at the Spearmint Rhino, from February 2019 through August 2023.

**FLSA COVERAGE**

29. At all material times Defendant was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d).

30. During the relevant period, Defendant qualified as Plaintiff's employer and the employer of all other dancers/entertainers at the club, within the meaning of the FLSA.

31. During the relevant period (2018 to 2023), the Club had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

32. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

33. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

34. Specifically, Defendant's employees have sold goods–such as alcoholic beverages and food–that have been moved or produced in interstate commerce to Defendant's patrons. Additionally, Defendant's employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendant's business operations.

35. Defendant advertises on the internet, processes credit cards from out of state patrons, communicates via mail, email, and telephone with patrons outside of the Commonwealth of Kentucky, and sells its merchandise across state lines.

36. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

37. At all material times, each Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

**WAGE VIOLATIONS**

38. Defendant misclassified Plaintiff and all other entertainers/dancers as independent contractors.

39. Defendant failed to pay Plaintiff and all other entertainers/dancers it hired any compensation whatsoever.

40. The money Plaintiff received was directly from Defendant's customers in the form of tips.

41. Defendant siphoned Plaintiff's and all other entertainer/dancers' tips by requiring them to share their tips with other employees who are not eligible to participate in any tip pool.

42. Defendant siphoned Plaintiff's and all other entertainer/dancers' tips by requiring them to pay for fees, including house fees, leave early fees, and credit card fees from their tips.

# FACTUAL ALLEGATIONS

27. Plaintiff, on behalf of herself and all other similarly situated current and former employees, brings this Collective Action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA") for failure to pay minimum wage and overtime compensation.

28. At all times for the five (5) years prior to filing of the Complaint in this matter, Defendant has employed female entertainers/dancers at Spearmint Rhino.

43. During that time, Defendant has categorized all entertainers/dancers as "independent contractors" and failed to pay any direct wages whatsoever.

44. During the period of Plaintiff's employment, she worked approximately 4 days per week, 10 to 12 hours per shift.

45. Upon information and belief, Defendant has possession of time and/or sign-in "house fee" payment records for Plaintiff during this relevant time.

46. At all times, Defendant had actual knowledge of all hours Plaintiff worked each shift through sign-in or tip-in sheets, and shift managers monitoring and supervising Plaintiff's work duties.

47. At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff any wages for hours that Plaintiff worked each week.

48. At all times relevant, Defendant totally failed to pay wages or any kind of compensation to Plaintiff for work duties performed.

49. At all times relevant, Defendant misclassified Plaintiff as an independent contractor when she should have been classified under the FLSA as an employee.

50. At all times, Defendant controlled all aspects of the job duties Plaintiff performed through employment rules and workplace policies.

51. At all times, Defendant controlled the method by which Plaintiff could earn money by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

52. At all times, Defendant has regulated entertainers' attire and interactions with customers.

53. At all times, Defendant required Plaintiff to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

54. Defendant hired Plaintiff and had the ability to discipline her, fine her, fire her, and adjust her work schedules.

55. Defendant, through supervisors and managers, supervised the duties of Plaintiff to make sure her job performance was of sufficient quality.

56. As a condition of employment with Defendant, Plaintiff was not required to have or possess any requisite certification, education, or specialized training.

57. Defendant has established a variety of uniform guidelines and policies which govern entertainers' conduct.

58. Defendant has financed all advertising and marketing efforts undertaken on behalf of the club.

59. Defendant has made capital investments in the facilities, maintenance, sound system, lights, food, beverage, and inventory.

60. At all times relevant, Defendant operated a strip club always featuring exotic dancers and it was the duty of Plaintiff to perform as an exotic dancer for the Club's customers.

61. At all times for the five years prior to the filing of the instant complaint, in addition to failing to pay entertainers, including named Plaintiff and all others similarly situated any wages for hours worked, Defendants required entertainers, including named plaintiff and all others similarly situated, to pay the Club or its ownership or management a house fees or kickbacks.

62. Named Plaintiff has been subject to a variety of these fees and fines.

63. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned management tips and gratuities Plaintiff received from customers.

64. Defendant has never paid Plaintiff and all others similarly situated any amount as wages whatsoever and have instead unlawfully required Plaintiff to pay them for the privilege of working.

65. For at least the past twenty (20) years, strip clubs like Defendant's have been publicly sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA and state wage and hour laws.

66. Because Defendant did not pay Plaintiff and all other similarly situated any wages whatsoever, Defendant did not pay Plaintiff and all other similarly situated one-and-a-half times their regular rate of pay when Plaintiff and others similarly situated worked over forty hours in a given workweek.

67. On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that for several years, there have been ongoing or past litigation by exotic dancers against gentlemen's clubs like the Club in which the exotic dancers challenged

the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

68. For the entire time period relevant to this action, Defendants has had actual or constructive knowledge the Club misclassified Plaintiff as an independent contractor instead of as an employee and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiff was in direct violation of the FLSA.

69. Plaintiff and all others similarly situated were not subject to any exemption under the FLSA.

70. Although Plaintiff and others similarly situated were and are required to, and do in fact, frequently work more than forty hours per workweek, they are not compensated at the required time-and-a-half rate for hours in excess of forty per workweek.

71. Defendant's method of paying Plaintiff and those similarly situated was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendant misclassified Plaintiff with the intent to avoid paying her in accordance with the FLSA and state law.

72. Defendant has been in the exotic dancing industry for years and is familiar with the long line of federal cases holding that entertainers/dancers in this industry are employees as that term is defined by the FLSA.

## COUNT I
### Violations of 29 U.S.C. § 206

73. Plaintiff incorporates all allegations contained in Paragraphs 1 through 72.

74. Defendant's practice of failing to pay Plaintiff and those similarly situated at the required minimum wage rate violates the FLSA. In fact, Defendant does not compensate entertainers/dancers whatsoever for any hours worked.

10

75. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant or Plaintiff.

76. Defendant failed to keep adequate records of Plaintiff and those similarly situated employee's work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

77. Because Defendant's records are inaccurate and/or inadequate, Plaintiff and those similarly situated can meet their burden under the FLSA by proving they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

78. Defendant's failure to pay Plaintiff and those similarly situated at the required minimum wage was willful.

## COUNT II
### Violations of KRS § 337.275

79. Plaintiff incorporates all allegations contained in Paragraphs 1 through 72.

80. Defendant's practice of failing to pay Plaintiff and those similarly situated at the required minimum wage rate violates KRS § 377.275. In fact, Defendant does not compensate entertainers/dancers whatsoever for any hours worked.

81. None of the exemptions provided by Kentucky law regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant or Plaintiff.

## COUNT III
### Violations of 29 U.S.C. § 207

82. Plaintiff incorporates all allegations contained in Paragraphs 1 through 72.

83. Defendant's practice of failing to pay Plaintiff and those similarly situated time-and-a-half rate for hours in excess of forty per workweek violates the FLSA. 29 U.S.C. § 207.

84. None of the exemptions provided by the FLSA regulated the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## COUNT IV
## Violations of KRS § 337.285

85. Plaintiff incorporates all allegations contained in Paragraphs 1 through 72.

86. Defendant's practice of failing to pay Plaintiff and those similarly situated time-and-a-half rate for hours in excess of forty per workweek violates the FLSA. 29 U.S.C. § 207.

87. None of the exemptions provided by the FLSA regulated the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

88. Plaintiff incorporates all allegations contained in Paragraphs 1 through 72.

89. Plaintiff and the putative FLSA collective members are or were employed by Defendant within the meaning of the FLSA.

90. Defendant's "entertainers" or "dancers" are the putative members for this potential collective action.

91. Plaintiff and all collective members worked in the Commonwealth of Kentucky.

92. Plaintiff and all collective members were subject to the same policies and practices of Defendant, and had the same job duties and responsibilities.

93. Defendant classified all entertainers/dancers as independent contractors.

94. Plaintiff and class members worked in excess of forty hours per work week during one of more work weeks.

95. The class members worked a similar amount of average overtime hours as Plaintiff.

96. Defendant failed to pay Plaintiff and the collective members at the required overtime rate for all hours worked over forty in one or more work weeks.

97. Defendant's employees are or were required to be paid minimum wages under federal law.

98. Plaintiff and all FLSA Collective members are not or were not guaranteed at least the full minimum wage for all hours worked.

99. Defendants are and were aware that the FLSA Collective members worked under these conditions. Despite that knowledge, Defendants denied them proper compensation.

100. Defendants have acted willfully and in bad faith in failing to pay Plaintiffs and the FLSA Collective members in accordance with the law.

101. Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

102. Defendants' conduct has caused significant damages to Plaintiff and the FLSA Collective. Defendants are and were aware that their pay practices violated the FLSA.

103. Defendants are and were aware of the FLSA's requirements.

104. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

105. As to the FLSA claims, Plaintiff seeks conditional certification under 29 U.S.C. §216(b):

> **All current and former "entertainers" or "dancers" who worked for Defendant within Kentucky during the last three (3) years preceding this lawsuit up to the present.**

106. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court-supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

107. Plaintiff has hired the undersigned law firm(s) to represent her in this matter and is obligated to pay them reasonable attorneys' fees and costs if she prevails.

## KENTUCKY CLASS ACTION ALLEGATIONS

108. Plaintiff incorporates all allegations contained in Paragraphs 1 through 72, and 88 to 107.

109. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

110. Plaintiff brings her Kentucky wage claims on behalf of all persons who were employed by Defendant at any time since October 2018, to the entry of judgment in this case (the "Class Period"), who were "entertainers" or "dancers" and who have not been paid at least the applicable Kentucky minimum wage for all hours worked, or at the required overtime rate for all hours worked over forty in one or more work weeks, in violation of KRS 337.275 and 337.285 (the "Kentucky Class").

111. The persons in the Kentucky Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the

Defendant, upon information and belief, there are hundreds of members of the Kentucky Class during the Class Period.

112. The claims of Plaintiff are typical of the claims of the Kentucky Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

113. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

114. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

115. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Kentucky Class.

116. There are questions of law and fact common to the Kentucky Class which predominate over any questions solely affecting the individual members of the Kentucky Class, including but not limited to:

　　a) whether the Defendant employed the members of the Kentucky Class within the meaning of Kentucky law;

　　b) whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Kentucky Class;

　　c) what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

　　d) whether Defendant failed and/or refused to pay the members of the Kentucky Class premium pay for hours worked in excess of forty hours per workweek within the meaning of Kentucky law;

e) whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

f) whether the Defendant should be enjoined from such violations of the Kentucky law in the future.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

c. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and overtime provisions of the FLSA;

d. Awarding Plaintiff overtime compensation in the amount due to her for her time worked in excess of forty (40) hours per work week;

e. Awarding Plaintiff compensation at a rate not less than minimum wage for all hours worked per work week she performed work for Defendant.

f. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage and overtime pay awarded;

g. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

h. Ordering any other further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

    Respectfully submitted,

    *s/J. Corey Asay*
    J. Corey Asay
    HKM EMPLOYMENT ATTORNEYS LLP
    312 Walnut Street, Suite 1600
    Cincinnati, Ohio 45202
    T: (513) 318-4496
    F: (513) 318-4496
    E: casay@hkm.com

    *Counsel for Plaintiff*