UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

| | |
|---|---|
| **NASHAE HADDER,** : | |
| : | Case No. 5:23-cv-00317 |
| Plaintiff, : | |
| : | Judge Gregory F. VanTatenhove |
| v. : | |
| : | |
| **KENTUCKY HOSPITALITY VENTURE,** : | **JOINT MOTION TO STAY PENDING** |
| **LLC D/B/A SPEARMINT RHINO** : | **ARBITRATION** |
| **GENTLEMAN'S CLUB** : | |
| : | |
| Defendant. : | |

Plaintiff Nashae Hadder ("Plaintiff" or "Hadder") and Defendant Kentucky Hospitality Venture, LLC d/b/a Spearmint Rhino Gentleman's Club ("Defendant" or "Spearmint Rhino"), by and through their respective counsel, hereby jointly and respectfully move this Court for an Order staying the above referenced litigation (the "Lawsuit") pending arbitration, pursuant to 9 U.S.C. § 3. The reasons supporting this joint motion are set forth in the Memorandum in Support below.

Respectfully submitted,

| | |
|---|---|
| */s/ J. Corey Asay* | */s/ Peter A. Saba* |
| J. Corey Asay | Peter A. Saba, Esq. (0084574) |
| HKM EMPLOYMENT | Joshua M. Smith, Esq. (0098835) |
| ATTORNEYS LLP | STAGNARO, SABA & |
| 312 Walnut Street, Suite 1600 | PATTERSON CO., L.P.A. |
| Cincinato, Ohio 45202 | 2623 Erie Avenue |
| (513) 318-4496 | Cincinnati, Ohio 45208 |
| (513) 318-4496 | (513) 533-2701 |
| casay@hkm.com | (513) 533-2711 (fax) |
| *Attorney for Plaintiff* | pas@sspfirm.com |
| | jms@sspfirm.com |
| | *Attorneys for Defendant* |

1

**MEMORANDUM IN SUPPORT**

I.  **BACKGROUND**

Plaintiff and Defendant entered into an arbitration agreement. *See* Mutual Agreement to Arbitrate Claims 1 ("Arbitration Agreement"), attached hereto as **Exhibit A**. The Arbitration Agreement provides that "any and all disputes…that [the parties] may have with one another" must be settled by "confidential, final binding arbitration." Since both parties agreed to submit any and all disputes – including those at issue in this Lawsuit – to binding arbitration, Plaintiff and Defendant jointly request that this Lawsuit be stayed pending the arbitration.

II.  **LAW & ARGUMENT**

A.  **The Federal Arbitration Act applies to the Arbitration Agreement.**

Under the Federal Arbitration Act ("FAA"), written arbitration agreement contained in a "contract evidencing a transaction involving commerce" shall be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *See also Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273 (1995) (the broadness of the FAA's "involving commerce" language signals "Congress' intent to exercise its Commerce Clause powers to the full.").

The FAA expresses a clear policy preference favoring arbitration, and thus courts "must keep in mind the liberal federal policy favoring arbitration agreements." *See Dawson v. Rent-A-Center Inc.*, 490 F. App'x 727, 729 (6th Cir. 2012) (internal quotations omitted). Further, the Sixth Circuit has held that "[i]t is settled authority that doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000).

B.  **The Arbitration Agreement requires arbitration of the claims asserted in this Lawsuit.**

2

Under the FAA, a court must compel arbitration where (1) "a valid agreement to arbitrate exists between the parties" and (2) "the specific dispute falls within the substantive scope of that agreement." *Bratt Enters. v. Noble Int'l Ltd.*, 338 F.3d 609, 612 (6th Cir. 2003).

The Arbitration Agreement between Hadder and Spearmint Rhino mandates that the parties resolve any and all disputes between the parties through arbitration. Specifically, the Arbitration Agreement states:

> In the event, that such informal attempt to resolve any difference or dispute is not successful, the Parties agree to use confidential, final and binding arbitration to resolve any and all disputes (each, an "Arbitrable Dispute") that they may have with one another. This Arbitration Agreement applies to all matters arising out of or otherwise relating to the Club or Company and Class A Member, or the Companies and Class A Member, and any claims or controversies arising out of the status of the relationship between the Parties.

*See* Arbitration Agreement 1. In this case, it is clear that the Plaintiff's wage and hour claims are "arising out of the status of the relationship between the Parties." *Id.*

Because there is a valid and enforceable arbitration agreement between the parties and Plaintiff's claims fall within the substantive scope of the Arbitration Agreement, the parties respectfully request that this Court stay this action pending arbitration.

**C. This Lawsuit should be stayed against Defendant.**

The FAA requires courts to stay civil actions and compel arbitration when there exists an agreement between the parties to arbitrate that encompasses the claims before the court:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

Since Plaintiff's claims against Defendant are subject to the valid and enforceable Arbitration Agreement, the parties jointly request that this Court stay this action pursuant to the express terms of the Arbitration Agreement and the FAA.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff and Defendant request that this Court grant this Joint Motion to Stay Pending Arbitration pursuant to the terms of the valid and enforceable Arbitration Agreement between Hadder and Spearmint Rhino and pursuant to Section 3 of the FAA. Respectfully submitted,

| | |
|---|---|
| */s/ J. Corey Asay* | */s/ Peter A. Saba* |
| J. Corey Asay | Peter A. Saba, Esq. (0084574) |
| HKM EMPLOYMENT ATTORNEYS LLP | Joshua M. Smith, Esq. (0098835) |
| 312 Walnut Street, Suite 1600 | STAGNARO, SABA & PATTERSON CO., L.P.A. |
| Cincinnato, Ohio 45202 | 2623 Erie Avenue |
| (513) 318-4496 | Cincinnati, Ohio 45208 |
| (513) 318-4496 | (513) 533-2701 |
| casay@hkm.com | (513) 533-2711 (fax) |
| *Attorney for Plaintiff* | pas@sspfirm.com |
| | jms@sspfirm.com |
| | *Attorneys for Defendant* |

4

## **CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that a true and accurate copy of the foregoing was filed on January 19, 2024 via the Court's CM/ECF system, and such system will send electronic notice to all parties of record.

*/s/ J. Corey Asay*                                       */s/ Peter A. Saba*
J. Corey Asay                                            Peter A. Saba, Esq.

EXHIBIT "C"

**MUTUAL AGREEMENT TO ARBITRATE CLAIMS**

Kentucky Hospitality Venture, LLC, a Delaware limited liability company ("Club" or "Class B Member"), The Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc. (collectively the "Companies"), Kentucky Hospitality Venture, LLC, a California limited liability company dba in Kentucky as Kentucky Hospitality Venture Lexington, LLC ("Company") and Nashae Hadder ("Class A Member", and collectively with Club, Company and Companies, the "Parties"), enter into this Mutual Agreement to Arbitrate Claims ("Arbitration Agreement").This Arbitration Agreement supersedes any prior agreement to arbitrate any and all disputes between any of the Parties to this Arbitration Agreement.

Any reference to the Club, Company or Companies in this Arbitration Agreement will also be a reference to each of their officers, shareholders, members, directors, managers, performers, independent contractors, agents, all benefit plans, the benefit plans' sponsors, fiduciaries, administrators, and agents, and all parents, subsidiaries, predecessors, successors, affiliates and assigns.

The Parties agree to attempt to resolve any and all differences and disputes informally and to allow the Club and the Company ample time and the opportunity to accomplish a mutually agreeable resolution, including but not limited to participation in an in-person meeting between the Club, Class A Member, and each of their representatives. In the event, that such informal attempt to resolve any difference or dispute is not successful, the Parties agree to use confidential, final and binding arbitration to resolve any and all disputes (each, an "Arbitrable Dispute") that they may have with one another. This Arbitration Agreement applies to all matters arising out of or otherwise relating to the Club or Company and Class A Member, or the Companies and Class A Member, and any claims or controversies arising out of the status of the relationship between the Parties. The arbitrator is empowered to award all relief and provide all remedies, including, without limitation, monetary and/or equitable, which the arbitrator deems to be in accordance with applicable law.

Unless controlling legal authority requires otherwise, arbitration claims must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective and/or representative proceeding. The arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of representative, collective or class proceeding and all such claims will be decided on an individual basis in arbitration pursuant to this Arbitration Agreement. If a court orders that a class action or collective action should proceed, in no event will such action proceed in the arbitration forum. Any issue concerning the validity of this class action or collective action waiver must be decided by a Court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class action or collective action waiver is found to be unenforceable, the class action or collective action claim may only be heard in court and may not be arbitrated. The arbitrator shall not have authority to hear or decide class or collective actions. Because it is the intent of the Parties to resolve any such dispute, controversy and/or claim by way of binding arbitration, if any portion of this Arbitration Agreement is declared by a court of competent jurisdiction to be held invalid or unenforceable, a valid, lawful and/or enforceable provision which will carry out the intent of the particular provision hereof which was declared to be invalid, unlawful and/or unenforceable shall be substituted in its place, and the remainder of this Arbitration Agreement shall remain valid and enforceable. The arbitrator and/or supervising court, as applicable, shall each have the power to amend the arbitration procedures set forth herein so this Arbitration Agreement shall remain enforceable and binding.

The arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the arbitrator deems necessary. The arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party. Any Party may obtain a court reporter to provide a stenographic record of proceedings. Any Party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the arbitrator. Either party shall have the right, within 20 days of issuance of the arbitrator's opinion, to file with the arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have 20 days from the date of the motion to respond. The arbitrator thereupon shall reconsider the issues raised by the motion and, promptly, either confirm or change the decision, which (except as provided by this Agreement) shall then be final and conclusive upon the Parties.

Class A Member Initials _NH_

Exhibit A

THE ARBITRATION WILL TAKE PLACE IN THE COUNTY IN WHICH CLUB OPERATES (UNLESS THE PARTIES MUTUALLY AGREE TO AN ALTERNATIVE VENUE) BEFORE A SINGLE EXPERIENCED ARBITRATOR LICENSED TO PRACTICE LAW IN SUCH JURISDICTION AND SELECTED IN ACCORDANCE WITH THE THEN CURRENT RULES OF THE AMERICAN ARBITRATION ASSOCIATION (THE "RULES").  THE RULES CAN BE FOUND AT WWW.ADR.ORG.  THE ARBITRATION WIL BE CONDUCTED IN ACCORDANCE WITH SUCH RULES (BUT NEED NOT BE ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION), AND, TO THE EXTENT REQUIRED BY THE LAW OF THE JURISDICTION IN WHICH CLUB OPERATES, THE COMPANY SHALL PAY THOSE COSTS AND FEES UNIQUE TO THE ARBITRATION PROCESS.  IT IS UNDERSTOOD, HOWEVER, THAT EACH PARTY SHALL BEAR HIS/HER/ITS OWN ATTORNEYS' FEES, EXPERT FEES, WITNESS FEES AND OTHER FEES ASSOCIATED WITH THE ARBITRATION; PROVIDED, THAT THE PREVAILING OR SUCCESSFUL PARTY SHALL BE ENTITLED TO RECOVER ALL SUCH COSTS INCURRED OR SUSTAINED BY SUCH PARTY IN CONNECTION WITH SUCH ACTION IF SUCH RECOVERY IS IN ACCORDANCE WITH APPLICABLE LAW.  THE PARTIES AGREE THAT CLUB AND COMPANY ARE ENGAGED IN TRANSACTIONS INVOLVING INTERSTATE COMMERCE.  THE PARTIES AGREE THAT THIS IS AN AGREEMENT TO ARBITRATE UNDER THE FEDERAL ARBITRATION ACT.  ANY DISPUTES AND/OR CLAIMS CONCERNING THE VALIDITY AND/OR ENFORCEMENT OF THIS AGREEMENT SHALL BE RESOLVED PURSUANT TO THE FEDERAL ARBITRATION ACT.  TO THE EXTENT NOT INCONSISTENT WITH THE FEDERAL ARBITRATION ACT, THE LAW OF THE STATE IN WHICH CLUB OPERATES SHALL GOVERN PROCEDURALLY WITH RESPECT TO THE COMMENCEMENT, PROSECUTION AND ENFORCEMENT OF THE ARBITRATION AND ANY ARBITRATION AWARDS AND/OR DECISIONS.  EACH PARTY SHALL HAVE THE RIGHT TO DISCOVERY PURSUANT TO SUCH JURISDICTION'S CIVIL DISCOVERY LAWS.  THE ARBITRATOR MAY NOT MODIFY OR CHANGE THIS ARBITRATION AGREEMENT IN ANY WAY, UNLESS ANY PROVISION IS FOUND TO BE UNENFORCEABLE.

The Parties understand and agree that the arbitrator's decision shall be in writing with sufficient explanation to allow for such meaningful judicial review as may be permitted by law and that such decision shall be final and binding.  The arbitrator shall be required to follow applicable law.  Performer and the Companies understand that, by entering into this Arbitration Agreement, they each are waiving their respective rights to have an Arbitrable Dispute adjudicated by a court or by a jury.

I ACKNOWLEDGE THAT I HAVE HAD ADEQUATE TIME AND HAVE CAREFULLY READ THIS ARBITRATION AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANIES AND ME RELATING TO THE SUBJECTS COVERED IN THE ARBITRATION AGREEMENT ARE CONTAINED IN IT, AND THAT I HAVE ENTERED INTO THE ARBITRATION AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANIES OTHER THAN THOSE CONTAINED IN THIS ARBITRATION AGREEMENT ITSELF.  I UNDERSTAND THAT BY SIGNING THIS ARBITRATION AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL OR A HEARING BEFORE AN ACTIVE JUDGE, OF ANY AND ALL DISPUTES AND CLAIMS SUBJECT TO ARBITRATION UNDER THIS ARBITRATION AGREEMENT.

BY SIGNING BELOW, I ACKNOWLEDGE READING, UNDERSTANDING AND AGREEING TO THE CONTENTS OF THIS ARBITRATION AGREEMENT AND THAT I HAVE RECEIVED A COPY OF THIS ARBITRATION AGREEMENT.

| KENTUCKY HOSPITALITY VENTURE, LLC (DE) | CLASS A MEMBER |
|---|---|
| By: *Kathy Vercher* (signature)<br>    Kathy Vercher, Manager<br>Date: 1/7/2020 | Signature: *Nashae Hadder* (DocuSigned by, 3F90340D9B55414...)<br>Print Name: Nashae Hadder<br>Title (if applicable): _____<br>Date: 1/7/2020 |
| THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC.<br>By: *Kathy Vercher* (signature)<br>    Kathy Vercher, President<br>Date: 1/7/2020 | |
| SPEARMINT RHINO CONSULTING WORLDWIDE, INC.<br>By: *Kathy Vercher* (signature)<br>    Kathy Vercher, President<br>Date: 1/7/2020 | KENTUCKY HOSPITALITY VENTURE, LLC (CA)<br>By: *Kathy Vercher* (signature)<br>    Kathy Vercher, Manager<br>Date: 1/7/2020 |